IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>FRANCISCO SAMUEL NAVA HERNANDEZ,<br><br>    Defendant. | 4:15-CR-3017<br><br>MEMORANDUM AND ORDER |

    This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 65) filed by the defendant, Francisco Samuel Nava Hernandez. The motion was timely filed less than 1 year after the defendant's conviction became final. *See* § 2255(f). The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

    A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

## BACKGROUND

The defendant was charged with one count of possessing over 50 grams of a mixture or substance containing methamphetamine with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1). Filing 17. He petitioned to enter a guilty plea; the petition set forth his rights in English and Spanish. Filing 30. And the interpreter who interpreted between the defendant and his counsel certified that he had translated the indictment, petition, and Sentencing Guidelines to the defendant. Filing 30 at 16-17. At his change of plea hearing, the defendant was again advised of his rights in a detailed colloquy pursuant to Fed. R. Crim. P. 11(b), again with the assistance of an interpreter. *See* filing 34.

Through counsel, the defendant moved for a variance from the Sentencing Guidelines based on the fact that in a state DUI proceeding, where he had been represented by different counsel, he had been poorly advised to plead guilty to the DUI charge. *See,* filing 37; filing 39. The defendant contended that the resulting two criminal history points increased his Guidelines range and cost him an opportunity to qualify for safety valve relief. Filing 39 at 1-4. The Court explained that "the federal court is not a place to collaterally attack a state court plea," but that the Court would consider the deficiency in the state court proceeding under 18 U.S.C. § 3553(a). Filing 60 at 23. Applying the § 3553(a) factors, the Court imposed a Guidelines sentence of 97 months' imprisonment. Filing 50 at 2; filing 51 at 1. The Court asked whether either party wanted any further elaboration of the reason for the sentence, and both parties (through counsel) declined. Filing 60 at 25.

The defendant appealed through counsel, arguing in part that the Court erred because it did not adequately explain its reasons for imposing the sentence and did not address his arguments supporting his variance motion. *See United States v. Nava Hernandez*, No. 15-2953, 2016 WL 3553287, at *1 (8th Cir. June 30, 2016). The Court of Appeals rejected those arguments and affirmed the defendant's conviction and sentence. *See id.*

## DISCUSSION

The defendant presents three postconviction claims: (1) ineffective assistance of counsel with respect to his state DUI conviction, (2) the Court's alleged failure to consider mitigating factors, and (3) waiving his rights without a full understanding of the waiver. The Court will address each claim in turn.

INEFFECTIVE ASSISTANCE OF COUNSEL

The defendant claims that his counsel was constitutionally ineffective. To establish a claim of ineffective assistance of counsel, the defendant must show that his attorney's performance was deficient and that this prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance can be shown by demonstrating that counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. However, the Court's scrutiny of counsel's performance is highly deferential, because the Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689.

To satisfy the prejudice prong of *Strickland*, the defendant must show that counsel's error actually had an adverse effect on the defense. *Gregg v. United States*, 683 F.3d 941, 944 (8th Cir. 2012). The defendant must do more than show that the errors had some conceivable effect on the outcome of the proceeding. *Id*. Rather, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. A "reasonable probability" is less than "more likely than not," but it is more than a possibility; it must be sufficient to undermine confidence in the outcome of the case. *Paul v. United States*, 534 F.3d 832, 837 (8th Cir. 2008).

In the context of a challenge to a guilty plea, the deficient performance and prejudice are demonstrated if the defendant can prove that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-60 (1985); *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1103 (8th Cir. 2011).

The defendant's argument that his counsel was constitutionally ineffective is as follows:

> Because of poor advice, my guideline range resulted in a higher level than it should have been. I pled guilty to a state case, and without being forewarned that it would count negatively in my criminal background. Instead of the range 97-121 it should have been around 70 months.

Filing 65 at 5. The problem with that argument is that, even if true, it would not establish that his counsel in *federal court* was ineffective. It is, rather, a

complaint about his counsel in state court.[1] And the Constitution only requires a federal sentencing court to permit a collateral attack on an earlier state conviction if the defendant can establish a *complete* lack of representation by counsel during earlier state proceedings. *United States v. House*, 825 F.3d 381, 388 (8th Cir. 2016). A claim of ineffective assistance of state-court counsel does not support a collateral attack on a predicate offense at sentencing. *Id.*; *cf.*, *United States v. Bryant*, 136 S. Ct. 1954, 1963 (2016); *Nichols v. United States*, 511 U.S. 738, 746-47 (1994). And that is, for all practical purposes, the sort of claim that the defendant is presenting. It would not have had merit at sentencing, *see House*, 825 F.3d at 388, and has even less merit on postconviction review.

### FAILURE TO CONSIDER MITIGATING FACTORS

Next, the defendant alleges that the "various mitigating factors" in his case "were not considered at all" in his sentence. Filing 65 at 5. This claim fails for several reasons.

First, it is factually incorrect. The Court heard argument from the defendant regarding the mitigating factors upon which he relies, and received evidence in mitigation from the defendant. *See*, filing 39; filing 40; filing 60 at 12-19. The Court is presumed to have considered that evidence and argument, *see United States v. Wilcox*, 666 F.3d 1154, 1157 (8th Cir. 2012), and in fact did so pursuant to § 3553(a).

Second, this claim is not cognizable pursuant to § 2255. The defendant's argument is simply that the Court did not consider mitigating evidence in sentencing him. And the Eighth Circuit has explained that

> Section 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus. Like habeas corpus, this remedy does not encompass all claimed errors in conviction and sentencing. It provides a remedy for jurisdictional and constitutional errors, neither of which is at issue here. Beyond that, the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited; an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice.

---

[1] To the extent that the defendant's motion could be read as somehow attacking the performance of federal court counsel on this claim, the defendant has alleged no facts supporting a finding of deficient performance or prejudice. So far as the Court can tell, the defendant's federal counsel did everything he could to raise the issue—the Court, and the Eighth Circuit, were simply not persuaded.

*Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (citations and quotations omitted). In sentencing, a "miscarriage of justice" is cognizable under § 2255 when the sentence is in excess of that authorized by law, *i.e.*, imposed without, or in excess of, statutory authority. *Sun Bear*, 644 F.3d at 705-06. In other words, the Eighth Circuit has concluded that absent some sort of Constitutional violation, a sentence that is within the statutory range cannot be challenged pursuant to § 2255. *See Sun Bear*, 644 F.3d at 706. The defendant's claim of sentencing error does not warrant § 2255 relief.

Finally, this claim was raised, and rejected, on direct appeal. *See Nava Hernandez*, 2016 WL 3553287, at *1-2. And claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to § 2255. *Davis v. United States*, 673 F.3d 849, 852 (8th Cir. 2012); *see United States v. Lee*, 715 F.3d 215, 224 (8th Cir. 2013).

### WAIVER OF RIGHTS

The defendant's final claim is hard to follow. He first asserts that "[b]ecause of [his] poor English and legal knowledge, [he] went through the motions of the proceedings without a full understanding of the rights [he] was waiving." Filing 65 at 5. But then, he explains that

> Because of [his] limited knowledge of English, and the lack of legal knowledge, [he] declined the court offer to address the reasons for that sentence. [He] did so without fully understanding what [he] was doing (despite the interpreter). Also, because of lack of legal advice.

Filing 65 at 5.

It is not clear what rights the defendant is referring to. To the extent that he might be generally referring to his Constitutional rights, the record establishes that he was fully and repeatedly advised, in Spanish, of his constitutional rights, and that he knowingly and voluntarily waived them.

But the Court's best guess is that he is referring to sentencing, when the Court asked counsel if they wanted the Court to elaborate on the reasons for the sentence, and counsel declined. Filing 60 at 25. That "waiver" does not support postconviction relief. To begin with, a sentencing court need not specifically respond to every argument presented at sentencing—the Court only needs to set forth enough to demonstrate that it has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority. *See United States v. Torres-Ojeda*, 829 F.3d 1027, 1029-30 (8th Cir. 2016). The Court's explanation met that standard. *See id.* Although the Court's practice is to offer the parties an opportunity to ask for

elaboration, as a matter of courtesy, the Court is aware of no *legal* requirement that it do so as long as the Court's initial explanation is sufficient.

But beyond that, there is no authority for the implicit proposition that waiving an opportunity to ask for elaboration on the reasons for a sentence must be knowing and voluntary, such that an unknowing waiver assumes constitutional dimensions. And to the extent that the defendant is suggesting his counsel was inadequate, he has not alleged facts to support either deficient performance or prejudice. There is no probability, reasonable or otherwise, that the outcome of the case would have been any different had the defendant asked the Court for further explanation of the sentence.

In short, the defendant has failed to allege that he unknowingly waived any right that would entitle him to relief under § 2255.

## CONCLUSION

The defendant's allegations either entitle him to no relief, or are contradicted by the record. Accordingly, his § 2255 motion will be summarily dismissed. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012).

In this case, the defendant has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

IT IS ORDERED:

1. The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 65) is denied.

2. The Court will not issue a certificate of appealability in this matter.

3. A separate judgment will be entered.

4.  The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 27th day of October, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge